MICHAEL B. STONE
848 N. Rainbow Blvd. #1799
Las Vegas, NV 89107

Tel/Fax (310) 776-7500
michael.b.stone@att.net

Plaintiff, Pro Se

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

LAS VEGAS DIVISION

| | |
|---|---|
| In re: | Case No. 12-17527-MKN |
| MICHAEL BRUCE STONE, | Chapter 7 |
| Debtor; | Adversary No. 16-1081 |
| MICHAEL B. STONE, | |
| Plaintiff, | FIRST AMENDED ADVERSARY COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS AND FOR OTHER RELIEF |
| vs. | |
| STATE BAR OF CALIFORNIA; STATE BAR COURT OF CALIFORNIA; SUPREME COURT OF CALIFORNIA, | Before the Honorable Michael K. Nakamura, U.S. Bankruptcy Judge |
| Defendants. | |

PLAINTIFF, MICHAEL B. STONE, alleges:

INTRODUCTION

1.  The Supreme Court of California ("Supreme Court") has near-plenary authority over the licensing of attorneys in California: yet it lacks the power to suspend an attorney's

1

1  license solely because of the attorney's failure to pay debts
2  that were discharged in bankruptcy. Title 11, *United States*
3  *Code*, Section 525(a); see *Perez v. Campbell*, 403 U.S. 637, 91
4  S.Ct. 1704, 29 L.Ed.2d 233 (1971),

## PARTIES

6  2.  Plaintiff is a suspended California attorney who was
7  the Debtor in the underlying Chapter 7 case, *In re Michael Bruce*
8  *Stone*, Case No. 12-17527-MKN, Chapter 7, discharged December 1,
9  2012 in this Court and judicial district.

10  3.  Defendant State Bar of California ("State Bar") is a
11  public corporation chartered by the California Legislature.
12  Defendants State Bar Court of California ("State Bar Court"),
13  and Supreme Court of California ("Supreme Court"), are judicial
14  branch agencies of the State of California.

15  4.  The membership of the State Bar of California is
16  comprised of all attorneys licensed in California (it is an
17  "integrated bar"). The functions of the State Bar include, inter
18  alia, the licensing of attorneys, the prosecution of
19  disciplinary charges against attorneys, and the administration
20  of its Client Security Fund.

21  5.  Disciplinary actions against attorneys are filed by
22  the State Bar Office of Chief Trial Counsel with the Hearing
23  Department of the State Bar Court, which holds trials, hears
24  evidence, and enters findings and orders. One appeal as of right
25  may be taken to the Review Department of the State Bar Court.
26  After that, an aggrieved party may seek discretionary review
27  with the Supreme Court of California. Orders of the State Bar
28  Court constitute recommendations for discipline which are then

transmitted to the Supreme Court for entry of judgment.

## JURISDICTION AND VENUE

6. This Court has subject matter jurisdiction over this adversary proceeding, which arises under Title 11 of the United States Code (the "Bankruptcy Code"); and it arises in, and relates to Case No. 12-17527-MKN, in the United States Bankruptcy Court for the District of Nevada, Las Vegas Division, pursuant to Title 28, *United States Code*, Sections 157(b)(2)(I) and 1334(b).

7. The claims and causes of action set forth herein concern, *inter alia*, a request for a declaratory judgment that certain debts were discharged.

8. This adversary proceeding is a "core" proceeding to be heard and determined by the Bankruptcy Court pursuant to Title 28, *United States Code*, Section 157(b)(2).

9. Venue is proper in the District of Nevada pursuant to Title 28, *United States Code*, Section 1409.

## NATURE OF THE CASE

10. Plaintiff is presently suspended from the practice of law in California for two reasons: administratively, for failure to pay child support arrearages[1]; and also for disciplinary reasons, because of an attorney discipline case against him. This adversary complaint concerns only State Bar disciplinary actions.

11. On February 21, 2014, defendant State Bar of California, initiated disciplinary charges against plaintiff,

---

[1] *See, e.g.*, the "Bradley Amendment," 42 USC § 666(a)(16).

filed in California State Bar Court as Case 13-N-17388, alleging that plaintiff violated *Cal. Rule of Court* 9.20(c) by failing to "refund all unearned fees" and to also file a declaration that he had done so, all by October 31, 2013.

12. Case 13-N-17388 was based solely upon failure to pay debts that were previously discharged in Plaintiff's related Chapter 7 bankruptcy case 12-17527-MKN.

13. As of October 31, 2013, Plaintiff was unable to file a truthful declaration that he had paid the debts underlying Case 13-N-17388.

14. There exists no substantive distinction between failing to pay a debt and failing to make a declaration that the debt was paid.

15. After February 21, 2014, proceedings were had in the California State Bar Court in Case 13-N-17388, which resulted in findings that plaintiff was culpable for violating *Cal. Rule of Court* 9.20(c) and imposing discipline on plaintiff including, inter alia, a two-year actual suspension from the practice of law.

16. As of April 14, 2016, Case 13-N-17388 was pending before the California Supreme Court.

17. This adversary complaint is based on new Ninth Circuit case law, to wit, the opinion in *Marilyn S. Scheer v. State Bar of California* (9th Cir., No. 14-56622, filed April 14, 2016)[2] ("*Scheer*") which holds that debts owed by attorneys to clients for unpaid fees are dischargeable in bankruptcy, the same as

---

[2] Defendants cite this case as 819 F.3d 1206 (9th Cir. 2016).

unsecured debts owed by persons engaged in other occupations.

18. On April 26, 2016, Plaintiff applied to the California Supreme Court for a stay of proceedings so that he could request that the matter be remanded to the State Bar Court for further proceedings consistent with *Scheer*.

19. Attorneys who represent State Bar in disciplinary cases have an ethical duty, analogous to that of public prosecutors in criminal cases, to do justice to parties and not merely to win cases for the sake of winning. This includes a duty to promptly recommend dismissal or discontinuance of cases that are no longer legally tenable. *See Cal. Rule of Professional Conduct* 5-100.

20. Plaintiff's application for a stay of proceedings in the California Supreme Court was duly served on the attorneys for the State Bar, and State Bar was thereby placed on notice that it would be violating the discharge injunction in Plaintiff's bankruptcy by continuing to maintain and to prosecute Case 17-N-17388.

21. At the very least, State Bar had a duty to investigate, in good faith, Plaintiff's assertion that the Ninth Circuit opinion in *Scheer,* together with the discharge injunction of Title 11, United States Code, Section 524, prohibited State Bar from disciplining Plaintiff based solely on discharged debts formerly owed by Plaintiff.

22. Instead of investigating Plaintiff's claim that *Scheer* applies to his case, that all debts relevant to case 13-N-17388 were discharged in Plaintiff's Chapter 7 bankruptcy, and that State Bar could not discipline Plaintiff solely on the basis of

5

the previously discharged debts, on May 9, 2016, State Bar opposed Plaintiff's application for a stay of proceedings only 13 days after Plaintiff filed it.

23. On June 8, 2016, in case S232885, *In Re Michael B. Stone on Discipline*, the California Supreme Court denied Plaintiff's stay application; it ratified the findings of the State Bar Court in Case 13-N-17388; and it ordered, inter alia, that Plaintiff be suspended from practicing law for at least two years.

24. Prior to *Scheer*, both Plaintiff and State Bar reasonably believed and assumed that debts owed by attorneys to clients for unearned fees were nondischargeable, or that the discharge of such debts did not impair the ability of State Bar to impose disciplinary sanctions against attorneys for not paying them.

25. Now that there is clear Ninth Circuit case law declaring these types of debts to be fully dischargeable, Plaintiff contends that for State Bar to impose discipline upon Plaintiff solely because he failed to pay lawfully discharged debts violates the discharge injunction of Title 11, United States Code, Section 524; and further, that the action of the Supreme Court of California taking disciplinary action against Plaintiff's law license for this reason violated Title 11, United States Code, Section 525(a).

26. It should be noted that all debts relevant to State Bar disciplinary action 13-N-17388/S232885, though each was in fact discharged in Plaintiff's Chapter 7 bankruptcy proceeding, were paid in full with interest on or before February 20, 2014.

6

1  State Bar initiated discipline against Plaintiff even after the
2  debts were fully paid, because full payment occurred 52 days
3  late.

## PROCEDURAL HISTORY

27.  On June 26, 2012, Plaintiff filed a Chapter 7 bankruptcy petition in this Court. The Chapter 7 trustee determined that there were no assets to be distributed to creditors; and, on December 1, 2012, Plaintiff received a Discharge.

28.  As of March 19, 2013, there was a prior State Bar discipline case against Plaintiff, number 12-H-16290 alleging, inter alia, that Plaintiff failed to perform probationary terms for a prior public reproval. Plaintiff admitted culpability and stipulated to the disciplinary charges in State Bar Case 12-H-16290. The signed stipulation in Case 12-H-16290 was negotiated and agreed upon between Plaintiff and State Bar, especially on the subject of restitution to as a condition of probation.  A restitution condition was stipulated as to two creditors.

29.  The stipulated recommendation was transmitted to the Supreme Court of California. The Supreme Court rendered judgment August 22, 2013 which provides in pertinent part:

> The court orders that Michael B. Stone, State Bar Number 160177, is suspended from the practice of law for two years, execution of that period of suspension is stayed, and he is placed on probation for two years subject to the following conditions:
>
> 1. Michael B. Stone is suspended from the practice of law for a minimum of the first 90 days of probation, and he will remain suspended until the following requirements are satisfied:
>
> i. He makes restitution to the following payees (or

> reimburses the Client Security Fund, to the extent of any payment from the fund to the payees, in accordance with *Cal. Business & Professions Code* section 6140.5) and furnishes proof to the State Bar's Office of Probation in Los Angeles.
>
> (1) Carney Tews Garcia in the amount of $3,751.50 plus 10 percent interest per year from January 12, 2011;
>
> (2) The County of Orange in the amount of $900 plus 10 percent interest per year from December 19, 2008.
>
> ii. If he remains suspended for two years or more as a result of not satisfying the preceding condition, he must provide proof to the State Bar Court of his rehabilitation, fitness to practice, and learning and ability in the general law before his suspension will be terminated.
>
> At the expiration of the period of probation, if Michael B. Stone has complied with all conditions of probation, the two-year period of stayed suspenstion will be satisfied and the suspension will be terminated.
>
> Michael B. Stone must also comply with *California Rules of Court*, Rule 9.20, and perform the acts specified in subdivisions (a) and (c) within 30 and 40 calendar days, respectively, after the effective date of this order. Failure to do so may result in disbarment or suspension.

30. Plaintiff satisfactorily completed two years probation, and complied with the express restitutionary conditions of probation by paying Carney Tews Garcia and County of Orange within the probationary period.

31. However, State Bar complained that Plaintiff failed to comply with *Cal. Rule of Court* 9.20(c), which provides in pertinent part:

> Rule 9.20. Duties of disbarred, resigned, or suspended attorneys
>
> (a) Disbarment, suspension, and resignation orders
>
> The Supreme Court may include in an order disbarring or suspending a member of the State Bar, or accepting his or her resignation, a direction that the member must, within

> such time limits as the Supreme Court may prescribe:
>
> . . .
>
> (3) Refund any part of fees paid that have not been earned;
>
> . . .
>
> (c)   Filing proof of compliance
>
> Within such time as the order may prescribe after the effective date of the member's disbarment, suspension, or resignation, the member must file with the Clerk of the State Bar Court an affidavit showing that he or she has fully complied with those provisions of the order entered under this rule[.]
>
> (d)   Sanctions for failure to comply
>
> [A] suspended member's willful failure to comply with the provisions of this rule is a cause for disbarment or suspension and for revocation of any pending probation.

32.   In other words, in addition to the express restitutionary conditions of probation with respect to Ms. Garcia and to County of Orange, for which he had two years to comply, Plaintiff was subject (according to State Bar) to an additional, implied-in-law restitutionary condition thaat he must refund all unearned fees, not just those set forth as express conditions of probation, within 30 days after the effective date of the Supreme Court discipline order (by October 13, 2013).

33.   The State Bar Court, in Case 13-N-13788, found that Plaintiff violated Rule 9.20(c) by not timely refunding all unearned fees and by not then certifying that he had done so. The State Bar Court recommended that Plaintiff's law license be suspended for two additional years. The State Court Review Department affirmed.

34. Plaintiff did not choose to seek discretionary review of the decision of the State Bar Court Review Department.

35. Case 13-N-17388 would have ended there but for the Ninth Circuit *Scheer* opinion which supports Plaintiff's contention that all of Plaintiff's debts to former clients for unearned fees were dischargeable, and were in fact discharged in Plaintiff's Chapter 7 bankruptcy.

36. All persons with claims against Plaintiff based on unearned fee claims were properly listed and scheduled; and each such claim was discharged in Plaintiff's Chapter 7 proceeding.

37. Accordingly, the action taken by the California Supreme Court suspending Plaintiff's law license violated Title 11, *United States Code*, Section 525(a) which provides:

> (a) [A] governmental unit may not deny, revoke, <u>suspend</u>, or refuse to renew <u>a license</u> ... <u>against, a person that is or has been a debtor under this title</u> or a bankrupt or a debtor under the Bankruptcy Act, or another person with whom such bankrupt or debtor has been associated, solely because such bankrupt or debtor is or has been a debtor under this title or a bankrupt or debtor under the Bankruptcy Act, has been insolvent before the commencement of the case under this title, or during the case but before the debtor is granted or denied a discharge, <u>or has not paid a debt that is dischargeable in the case under this title or that was discharged under the Bankruptcy Act.</u>

38. To the extent the Bankruptcy Court and state courts might have concurrent jurisdiction to determine controversies involving the dischargeability, or the discharge status, of any debt or claim, Plaintiff elects to have any such controversies heard and determined in Bankruptcy Court.

WHEREFORE PLAINTIFF PRAYS JUDGMENT AS FOLLOWS:

AGAINST ALL DEFENDANTS:

1. For a declaratory judgment that each of the following

debts were properly listed and scheduled, and were discharged in Plaintiff's Chapter 7 bankruptcy case on December 1, 2012:

    a. Olga Maria Altieri;

    b. Bruce Thomas;

    c. State Bar/Client Security Fund.

AGAINST SUPREME COURT OF CALIFORNIA AND CALIFORNIA STATE BAR COURT:

    2.  For an order Supreme Court of California and California State Bar Court to dismiss, expunge, and vacate State Bar disciplinary action 13-N-17388/S232885, in its entirety, with prejudice and without leave to amend; and exonerating Plaintiff from any finding of wrongdoing or culpability in connection therewith.

AGAINST STATE BAR OF CALIFORNIA:

    3.  For further orders related to State Bar disciplinary action 13-N-17388, as follows:

    a. That State Bar shall forthwith redact Plaintiff's public discipline page from its website to completely remove all references to disciplinary action 13-N-17388/S232885;

    b. That State Bar shall rescind and release Plaintiff from any claim or assessment of fees or costs which have been, or which may in the future be, imposed against Plaintiff by reason of disciplinary action 13-N-17388/S232885.

    c. To the extent that State Bar has published, communicated, or disseminated the fact of Plaintiff's disciplinary suspension in Case 13-N-17388/S232885 to any person, data service, court, and/or organization, including sister-state bar associations, and specifically including the

California State Bar Journal, State Bar shall publish, communicate and disseminate the fact that such suspension was vacated with equal prominence as was given to the original publication or communication.

    d. That disciplinary action 13-N-17388 shall not be considered a prior instance of discipline for any purpose;

    e. That State Bar shall take any other action that the Court deems reasonable or appropriate to restore Plaintiff to the status quo ante as if Case 13-N-17388/S232885 had never been filed or prosecuted;

    4. For general damages;

    5. For special damages for Plaintiff's loss of earnings, proximately resulting from Plaintiff's inability to practice his profession, from December 12, 2013, to the present, according to proof;

    6. For punitive damages;

    7. For any attorney fees and costs incurred by Plaintiff in this adversary proceeding and in any appeals, according to proof;

    8. For attorney fees, costs, and expenses incurred in defending State Bar disciplinary action 13-N-17388, according to proof;

    9. For an order that the Bankruptcy Court shall retain jurisdiction of this matter as necessary to enforce its orders;

    10. For all proper relief.

Dated: August 1, 2016

/S/MICHAEL B. STONE

Plaintiff, Pro Se