1   MICHAEL B. STONE
    848 N. Rainbow Blvd. #1799
2   Las Vegas, NV 89107

3   Tel/Fax (310) 776-7500
    michael.b.stone@att.net
4
    Plaintiff, Pro Se
5

RECEIVED
AND FILED

2016 SEP 2 PM 3 43

U.S. BANKRUPTCY COURT
MARY A. SCHOTT, CLERK

6

7

8               UNITED STATES BANKRUPTCY COURT

9                     DISTRICT OF NEVADA

10                    LAS VEGAS DIVISION

11

12   In re:                      )   Case No. 12-17527-MKN
                                  )
13   MICHAEL BRUCE STONE,         )   Chapter 7
                                  )
14        Debtor;                 )   Adversary No. 16-1081
     _____ )
15   MICHAEL B. STONE,            )   MEMORANDUM IN OPPOSITION TO
                                  )   MOTION TO DISMISS ADVERSARY
16        Plaintiff,              )   COMPLAINT
                                  )
17      vs.                       )   Date: September 22, 2016
                                  )   Time: 10:00 A.M.
18   STATE BAR OF CALIFORNIA;     )   Ctrm: 2
     STATE BAR COURT OF           )
19   CALIFORNIA; SUPREME COURT OF )   Before the Honorable
     CALIFORNIA,                  )   Michael K. Nakamura,
20                                )   U.S. Bankruptcy Judge
          Defendants.            )
21                                )
     _____ )
22

23

24        **PLAINTIFF, MICHAEL B. STONE**, respectfully submits the

25   following points, authorities, and argument in opposition to the

26   Motion to Dismiss Adversary Complaint filed by Defendants, State

27   Bar of California ("State Bar"), State Bar Court of California

28

1  ("State Bar Court")[1] and Supreme Court of California

2  ("California Supreme Court"):

---

[1]     State Bar avers that "State Bar of California" and "State Bar Court of California" are one and the same entity. *Motion to Dismiss* at 1, fn. 1.

2

# TABLE OF CONTENTS

TABLE OF AUTHORITIES

ARGUMENT

    PEREZ v CAMPBELL IS CONTROLLING SUPREME COURT CASE LAW THAT
        REQUIRES STATE ENTITIES TO FOLLOW 11 U.S.C. § 525(a).
        . . . . . . . . . . . . . . . . . . . . . . . 8

    A RULE 12(b)(6) MOTION ATTACKING PLAINTIFF'S CLAIM FOR
        INJUNCTIVE RELIEF UNDER 11 U.S.C. SECTION 525(a)
        SHOULD BE DENIED WHERE, AS HERE, ALL OF PLAINTIFF'S
        DEBTS RELEVANT TO CAL. RULE OF COURT 9.20(c) ARE
        PRESUMED DISCHARGED.
        . . . . . . . . . . . . . . . . . . . . . . . 11

    NEITHER SOVEREIGN IMMUNITY, NOR THE ELEVENTH AMENDMENT, NOR
        THE ROOKER-FELDMAN DOCTRINE, BARS PLAINTIFF'S 11
        U.S.C. SECTION 525(a) CLAIM.
        . . . . . . . . . . . . . . . . . . . . . . . 14

    ANY CLAIM THAT ONE OR MORE OF PLAINTIFF'S DEBTS RELEVANT TO
        THE CLAIMED RULE 9.20(c) VIOLATION WAS NOT DISCHARGED
        IN PLAINTIFF'S CHAPTER 7 BANKRUPTCY PROCEEDING SHOULD
        BE CONTROVERTED, IF AT ALL, IN DEFENDANTS' ANSWER.
        . . . . . . . . . . . . . . . . . . . . . . . 16

    A RULE 12(B)(6) MOTION ATTACKING PLAINTIFF'S CLAIM FOR
        DAMAGES FOR VIOLATION OF SECTION 524, THE DISCHARGE
        INJUNCTION, SHOULD BE DENIED WHERE, AS HERE, DEFENDANT
        STATE BAR WILFULLY VIOLATED THE DISCHARGE INJUNCTION.
        . . . . . . . . . . . . . . . . . . . . . . . 16

    THAT STATE BAR IS A GOVERNMENTAL UNIT DOES NOT IMMUNIZE IT
        FROM PLAINTIFF'S SECTION 524 CLAIM FOR DAMAGES... . 17

1

DEFENDANTS' ATTEMPTED INTRODUCTION OF DOCUMENTARY EVIDENCE

IN SUPPORT OF ITS RULE 12(b)(6) MOTION IS IMPROPER,

AND MOST OF IT SHOULD BE EXCLUDED.. . . . . . . . . 18

4

CONCLUSION

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**TABLE OF AUTHORITIES**

2

**CASES**

3  Asarco, LLC v. Union Pacific Railroad Co., 765 F.3d 999

4       (9th Cir. 2014). . . . . . . . . . . . . . . . . . 16

5  Attorney Grievance Comm'n v. Smith (In re Smith),

6       317 B.R. 302 (Bankr. D. Md. 2004). . . . . . . . . . 10

7  Bach v. State Bar, 52 Cal.3d 1201 (Cal. 1991).. . . . . . . 10

8  Bessette v. Avco Financial Services, Inc.,

9       230 F. 3d 439 (1ST Cir. 2000). . . . . . . . . . . . 18

10  Cent. Virginia Cmty, Coll. v. Katz, 546 U.S. 356,

11       126 S. Ct. 990, 163 L. Ed. 2d 945 (2006).. . . . . . 14, 15

12  Cervantes v. City of San Diego, 5 F.3d 1273

13       (9th Cir. 1993). . . . . . . . . . . . . . . . . . 12

14  Chadwick v. State Bar, 49 Cal.3d 103 (Cal. 1989). . . . . . 10

15  Conley v. Gibson, 355 U.S. 41, 78 S.Ct. 99,

16       2 L.Ed.2d 80 (1957). . . . . . . . . . . . . . . . 11

17  Craig v. State Bar, 141 F.3d 1353 (9th Cir. 1998). . . . . 10

18  D.C. Ct. Of Appeals v. Feldman, 460 U.S. 462,

19       103 S.Ct. 1303, 75 L.Ed.2d 206 (1983). . . . . . . . 16

20  Disciplinary Bd. Of the Supreme Ct. of Pennsylvania

21       v. Feingold (In re Feingold),

22       730 F.3d 1268 (11th Cir. 2013). . . . . . . . . . . 10, 12

23  Dydzak v. State of Cal., 2009 WL 499745

24       (C.D. Cal. 2009).. . . . . . . . . . . . . . . . . 10

25  Epstein v. Washington Energy Co., 83 F.3d 1136

26       (9th Cir. 1996). . . . . . . . . . . . . . . . . . 12

27  Ex parte Young, 209 U.S. 123, 28 S. Ct. 441,

28       52 L. Ed. 71 (1908). . . . . . . . . . . . . . . . 15

1  *FCC v. Nextwave Comm's, Inc.*, 537 U.S. 293,

2        123 S. Ct. 832, 154 L. Ed. 2d 863 (2003).. . . . . . . . .  9

3  *Gadda v. Ashcroft*, 377 F.3d 934 (9th Cir. 2004). . . . . . . .  10

4  *Hackin v. Lockwood*, 361 F.2d 499 (9th Cir. 1966). . . . . . .  10

5  *Hafter v. Clark*, 992 F.Supp.2d 1063 (D. Nev. 2014). . . . . .  10

6  *Hirsh v. Justices of Supreme Court of*

7        *State of Cal.*, 67 F.3d 708 (9th Cir. 1995). . . . . . . .  10

8  *In re Adams*, 106 B.R. 811 (Bankr. D. N.J. 1989).. . . . . . .  15

9  *In re Hardy*, 97 F.3d 1385 (11th Cir. 1996). . . . . . . . . .  17

10  *In re Kuehn*, 563 F.3d 289 (7th Cir. 2009). . . . . . . . . .  16

11  *In re Phillips*, 2010 WL 4916633, 2010 U.S. Dist.

12        LEXIS 130478 (C.D. Cal. 2010). . . . . . . . . . . . . .  12

13  *In re Scheer*, 819 F.3d 1206 (9th Cir. 2016). . . . . . . . *Passim*

14  *In re Searcy*, 463 B.R. 888 (9th Cir. BAP 2012). . . . . . . .  9

15  *Johnson v. Knowles*, 113 F.3d 1114 (9th Cir. 1997).. . . . . .  12

16  *Jove Engineering, Inc. v. Internal Revenue*

17        *Service*, 92 F.3d 1539 (11th Cir. 1996).. . . . . . . . .  17

18  *Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353,

19        93 L.Ed.2d 216 (1986). . . . . . . . . . . . . . . .  9, 12

20  *Kwasnick v. State Bar*, 50 Cal.3d 1061 (Cal. 1990).. . . . . .  8

21  *Lee v. City of Los Angeles*, 250 F.3d 668

22        (9th Cir. 2001). . . . . . . . . . . . . . . . . . . .  19

23  *Perez v. Campbell*, 402 U.S. 637, 91 S.Ct. 1704,

24        29 L.Ed.2d 233 (1971). . . . . . . . . . . . . . . . .  8

25  *Rooker v. Fidelity Trust Co.*, 263 U.S. 413,

26        44 S.Ct. 149, 68 L.Ed.2d 362 (1923). . . . . . . . . 15, 16

27  *Slaten v. State Bar*, 46 Cal.3d 48 (Cal. 1988).. . . . . . . .  11

28  *Sorensen v. State Bar*, 52 Cal.3d 1036 (Cal. 1991).. . . . . .  11

*Tyler v. Cisneros,* 136 F.3d 603 (9th Cir. 1998).. . . . . . . . 12

*United States v. Pepper,* 51 F.3d 469 (5th Cir. 1995). . . . . 9

*United States Dept. of Housing & Urban Dev. v.*

    *Cost Control Marketing & Sales Mgmt. of Virginia,*

    *Inc.,* 64 F.3d 920 (4th Cir. 1995). . . . . . . . . . . 9

**STATUTES**

11 U.S.C. Section 101(27).. . . . . . . . . . . . . . . . 15

11 U.S.C. Section 105.. . . . . . . . . . . . . . . . . . 18

11 U.S.C. Section 106(a)(3).. . . . . . . . . . . . . . . 18

11 U.S.C. Section 523(a)(7).. . . . . . . . . . . . . . . 13

11 U.S.C. Section 524.. . . . . . . . . . . . . 8, 16, 17, 18

11 U.S.C. Section 525(a). . . . . . . . . . . . . . 8, 9, 14

42 U.S.C. Section 1983. . . . . . . . . . . . . . . . . . 10

**OTHER AUTHORITIES**

*Cal. Rule of Court* 9.20(c) . . . . . . . . . . . . . 11, 16

*Cal. Rule of Professional Conduct* 5-200(D). . . . . . . . . 13

*Federal Rule of Civil Procedure* 12(b).. . . . . . . . . 10, 11

*Federal Rule of Civil Procedure* 12(b)(1). . . . . . . . 10, 11

*Federal Rule of Civil Procedure* 12(b)(6). 10, 11, 16, 18, 19, 20

Nev. Rule of Professional Conduct 3.3(a). . . . . . . . . . 13

*U. S. Const.,* Art. I, § 8, cl. 4. . . . . . . . . . . . . 8

U.S. Const. Amend. 11.. . . . . . . . . . . . . . . . . . 11

1

## ARGUMENT

## PEREZ v CAMPBELL IS CONTROLLING SUPREME COURT CASE LAW THAT REQUIRES STATE ENTITIES TO FOLLOW 11 U.S.C. § 525(a).

"'One of the primary purposes of the bankruptcy act' is to give debtors 'a new opportunity in life and a clear field for future effort, unhampered by the pressure and discouragement of preexisting debt.' (Citations.)" *Perez v. Campbell*, 402 U.S. 637, 648, 91 S.Ct. 1704, 29 L.Ed.2d 233 (1971).

*Perez* held that state motor vehicle agencies were prohibited by 11 U.S.C. Section 525(a) from withholding drivers' licenses of former bankruptcy debtors solely because of their failure to pay debts for prepetition uninsured auto accident liability, even after the debts had been discharged. *Perez* invalidated state statutes requiring payment of auto accident debts as a condition of driver licensure to the extent the debts were discharged. *Perez* upheld Section 525(a) as a proper exercise of Congress' power to effectuate the Bankruptcy Clause of the U.S. Constitution, *see U. S. Const.*, Art. I, § 8, cl. 4.

Defendant State Bar of California ("State Bar") violated the discharge injunction of 11 U.S.C. Section 524; and Defendant Supreme Court of California violated the nondiscrimination provisions of 11 U.S.C. Section 525(a), by suspending Plaintiff's California bar license solely due to failure to pay debts discharged in bankruptcy. Plaintiff seeks to enforce this court's injunction, and he seeks only bankruptcy law remedies.

In *Kwasnick v. State Bar*, 50 Cal.3d 1061, 1070-72 (Cal. 1990) a California Bar candidate who discharged a DUI wrongful-death judgment in bankruptcy was nevertheless held entitled to a

8

finding of "good moral character" and bar admission under the anti-prejudice provisions of Section 525(a)). "When, as here, the State Bar can advance no evidence sufficient to rebut a prima facie case of good moral character other than continued failure to satisfy a discharged obligation, denial of an application to the bar violates section 525(a)." *Id.* at 1074.

The motive of a governmental agency in denying a license under 525(a) is irrelevant. *FCC v. Nextwave Comm's, Inc.*, 537 U.S. 293, 123 S. Ct. 832, 154 L. Ed. 2d 863 (2003). "Such a reading would deprive § 525 of all force. It is hard to imagine a situation in which a governmental unit would not have some further motive behind the cancellation[.] Section 525 means nothing more or less than that the failure to pay a dischargeable debt must alone be the proximate cause of the cancellation—the act or event that triggers the agency's decision[,] whatever [the] ultimate motive in pulling the trigger may be." *Id.*, 537 U.S. at 301-302.

Defendants, in their Motion to Dismiss, 1) ignore recent Ninth Circuit case law (*In re Scheer*, 819 F.3d 1206 (9th Cir. 2016)) that is binding on this Court; 2) rely on case law (*Kelly v. Robinson*, 479 U.S. 36, 107 S.Ct. 353, 93 L.Ed.2d 216 (1986)) that was explicitly distinguished and criticized by the Ninth Circuit in *Scheer*[2]; and 3) seek to conflate Plaintiff's claims

---

[2]    *See, e.g., United States v. Pepper*, 51 F.3d 469 (5th Cir. 1995)(criminal case); *In re Searcy*, 463 B.R. 888 (9th Cir. BAP 2012)(criminal case); *United States Dept. of Housing & Urban Dev. v. Cost Control Marketing & Sales Mgmt. of Virginia, Inc.*, 64 F.3d 920 (4th Cir. 1995)(quasi-criminal case).

with other cases involving attempted collateral attacks on State Bar disciplinary proceedings using nonbankruptcy legal theories (*e.g.*, 42 U.S.C. Section 1983)[3].

Plaintiff is also not contesting dischargeability as to disciplinary costs ordered by the State Bar Court incident to attorney disciplinary actions. Defendants cite several cases which are distinguishable from *Scheer* as they concern the dischargeability of disciplinary costs, not unearned-fee debts to clients[4]. "For Scheer, there were no costs or fees assessed for disciplinary reasons. Rather, the debt at issue was effectively the amount that Scheer improperly received from a client, but did not pay back." *Scheer*, supra, 819 F.3d at 1211. Plaintiff wasn't suspended for failure to pay disciplinary costs.

Nor was Plaintiff ordered to pay attorney fees incurred by

_____

[3]   *See, e.g., Bach v. State Bar*, 52 Cal.3d 1201 (Cal. 1991)(no attempt to discharge unearned fee debts in bankruptcy); *Chadwick v. State Bar*, 49 Cal.3d 103 (Cal. 1990)(misdemeanor conviction); *Craig v. State Bar*, 141 F.3d 1353 (9th Cir. 1998)(challenge to attorney oath requirement); *Dydzak v. State of Cal.*, 2009 WL 499745 (C.D. Cal. 2009) (nonbankruptcy collateral attack on State Bar disciplinary proceedings); *Gadda v. Ashcroft*, 377 F.3d 934 (9th Cir. 2004)(same); *Hafter v. Clark*, 992 F.Supp.2d 1063 (D. Nev. 2014) (same); *Hirsh v. Justices of Supreme Court of State of Cal.*, 67 F.3d 708 (9th Cir. 1995)(same); *Hackin v. Lockwood*, 361 F.2d 499 (9th Cir. 1966)(nonbankruptcy collateral attack on state court holding that bar applicant must have graduated from accredited law school);

[4]   *Attorney Grievance Comm'n v. Smith (In re Smith)*, 317 B.R. 302 (Bankr. D. Md. 2004); *Disciplinary Bd. Of the Supreme Ct. of Pennsylvania v. Feingold (In re Feingold)*, 730 F.3d 1268 (11th Cir. 2013);

his former clients.[5]

That Defendants would resort to these arguments reflects their consciousness of their Motion's lack of merit. At best, Defendants have raised fact-based arguments as to the dischargeability of certain debts. These arguments can't be resolved on a *Federal Rule of Civil Procedure* 12(b)(6) motion.

(While Defendants' Motion to Dismiss doesn't specifically mention Rule 12(b)(6), only "Rule 12(b)," the Motion primarily asserts legal theories that are relevant to Rule 12(b)(6), so this Opposition will primarily address Rule 12(b)(6) and not any other subdivision of Rule 12(b). Defendants also refer to Rule 12(b)(1), citing their alleged Eleventh Amendment immunity and the Rooker-Feldman doctrine in support thereof.[6]

**A RULE 12(b)(6) MOTION ATTACKING PLAINTIFF'S CLAIM FOR INJUNCTIVE RELIEF UNDER 11 U.S.C. SECTION 525(a) SHOULD BE DENIED WHERE, AS HERE, ALL OF PLAINTIFF'S DEBTS RELEVANT TO CAL. RULE OF COURT 9.20(c) ARE PRESUMED DISCHARGED.**

A complaint should not be dismissed for failure to state a claim under *Federal Rule of Civil Procedure* 12(b)(6) unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99,

---

[5]    *See Slaten v. State Bar*, 46 Cal.3d 48 (Cal. 1988); *Sorensen v. State Bar*, 52 Cal.3d 1036 (Cal. 1991)

[6]    Defendants say they object to "venue" and to "personal jurisdiction" (Motion to Dismiss at 10:24-25), but they don't provide any substantive arguments.

101-02, 2 L.Ed.2d 80 (1957); *Johnson v. Knowles*, 113 F.3d 1114, 1117 (9th Cir. 1997). Review of the legal sufficiency of a complaint's allegations "is limited to the complaint." *Cervantes v. City of San Diego*, 5 F.3d 1273, 1274 (9th Cir. 1993). All factual allegations stated in the complaint are deemed true, and are construed in the light most favorable to the plaintiff. *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir. 1996). The Court must give the plaintiff the benefit of every inference that reasonably may be drawn from the facts. *Tyler v. Cisneros,* 136 F.3d 603, 607 (9th Cir. 1998).

An attorney's unsecured debt to a client for unearned fees is dischargeable. *In re Scheer*, 819 F.3d 1206 (9th Cir. 2016). Plaintiff's First Amended Complaint alleges facts supporting the conclusion that all such debts were discharged. This Court must assume these allegations to be true for purposes of this Motion.

An attorney disciplinary proceeding is not a criminal proceeding, and a requirement that an attorney refund unearned fees, even incident to an attorney disciplinary matter, is not subject to the holding in *Kelly v. Robinson,* supra, that criminal court restitution orders are within the 11 U.S.C. Section 523(a)(7) exception to discharge. *In re Scheer, supra,* 817 F.3d at 1209-11.

*Scheer*, decided in April 2016, implicitly overruled cases such as *In re Feingold*, supra, and *In re Phillips*, 2010 WL 4916633, 2010 U.S. Dist. LEXIS 130478 (C.D. Cal. 2010), *inter alia.* In particular, *Scheer* calls into question the dicta in *Phillips* that all debts owed to the State Bar Client Security

Fund are nondischargeable. The State Bar is likely very concerned that *Scheer* will affect its ability to pay, or to receive reimbursement for payments, from its Client Security Fund. Plaintiff recognizes that the post-*Scheer* state of Ninth Circuit case law in this regard might not constitute salutary public policy; nevertheless the case law is what it is, and State Bar's remedy might be to lobby Congress to attempt to have the law changed.

"The debt at issue was effectively the amount Scheer improperly received from a client, but did not pay back. . . . Try as we might, we cannot stretch the language of [11 U.S.C. Section] 523(a)(7) to cover the fee dispute at issue here . . . The concerns permitting flexibility in [*Kelly*] are absent here." *Scheer*, 819 F.3d at 1211.

To read the Motion to Dismiss, you'd think *Kelly* was still good law after *Scheer*. On the contrary, *Scheer* expressly distinguished *Kelly* insofar as it could be construed to bring unearned attorney fee debts within the Section 523(a)(7) exception to discharge. Defendants should have conceded this point instead of reasserting, at great length, *Kelly's* discredited holding (*see* Motion to Dismiss at 14:12-17:4)[7].

---

[7] *Nev. Rule of Professional Conduct* 3.3(a) states: *("*A lawyer shall not knowingly [make] a false statement of [law] to a tribunal or fail to correct a false statement of [law] previously made to the tribunal by the lawyer"); see Cal. Rule of Professional Conduct* 5-200(D) ("[An attorney] shall not, knowing its invalidity, cite as authority a decision that has been overruled[.]"

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

### NEITHER SOVEREIGN IMMUNITY, NOR THE ELEVENTH AMENDMENT, NOR THE ROOKER-FELDMAN DOCTRINE, BARS PLAINTIFF'S 11 U.S.C. SECTION 525(a) CLAIM.

"The Eleventh Amendment does not bar us from determining that Scheer's debt was discharged. *See Cent. Virginia Cmty, Coll. v. Katz*, 546 U.S. 356, 373-78, 126 S. Ct. 990, 163 L. Ed. 2d 945 (2006)("*Katz*"). ('In ratifying the Bankruptcy Clause, the States acquiesced in a subordination of whatever sovereign immunity they might otherwise have asserted in proceedings necessary to effectuate the *in rem* jurisdiction of the bankruptcy courts.')" *Scheer, supra*, 819 F.3d at 1212, fn.4.

Defendants discuss *Katz* at great length, but they misapprehend the history and purpose of the bankruptcy discharge. In the era of the Framers, and for many years thereafter, imprisonment for debt was commonplace, and the primary purpose of a "discharge" was as an order thst the debtor be released from imprisonment:

> "The history of discharges in bankruptcy proceedings demonstrates that the state agencies' concessions, and *Hood*'s holding, are correct. The term 'discharge' historically had a dual meaning; it referred to both release of debts and release of the debtor from prison. Indeed, the earliest English statutes governing bankruptcy and insolvency authorized discharges of persons, not debts. One statute enacted in 1649 was entitled 'An Act for discharging Poor Prisoners unable to satisfie their Creditors.' (Citation). The stated purpose of the Act was to 'Discharge. . . the person of [the] Debtor" "of and from his or her Imprisonment.' [*Id*.] Not until 1705 did the English Parliament extend the discharge (and then only for traders and merchants) to include release of debts. (Citations).

> "Well into the 18th century, imprisonment for debt was still ubiquitous in England and the American Colonies. Bankruptcy and insolvency laws remained as much concerned

with ensuring full satisfaction of creditors (and, relatedly, preventing debtors' flight to parts unknown) as with securing new beginnings for debtors. Illustrative of bankruptcy laws' harsh treatment of debtors during this period was that debtors often fared worse than common criminals in prison; unfortunate insolvents, unlike criminals, were forced to provide their own food, fuel, and clothing while behind bars. (Citation)."

*Katz*, 546 U.S. at 364-365. The State was the actor which imprisoned the debtor, even though it was not necessarily a creditor of the debtor.

In the modern era, imprisonment for debt need not involve concrete walls or bars. State action that punishes the debtor by prohibiting him from practicing his profession is an equally real and tangible form of debtor's prison.

Nor does "sovereign immunity" help Defendants:

"Where sections of title 11 are applicable to governmental units, sovereign immunity is deemed waived and the bankruptcy court has jurisdiction to hear, decide and enforce its decision regarding the issue before it. (Citation). As will be discussed below, 11 U.S.C. § 525 specifically [refers] to 'governmental unit.' Accordingly, this court may make determinations under those statutory sections which bind governmental units. 'Governmental unit' is defined under the Bankruptcy Code to mean, 'United States; State; Commonwealth; District; Territory; municipality; foreign state; department, agency, or instrumentality of the United States[,] a State, a Commonwealth, a District, a Territory, a municipality, or a foreign state; or other foreign or domestic government.' 11 U.S.C. § 101([27])."

*In re Adams*, 106 B.R. 811 (Bankr. D. N.J. 1989).

Plaintiff's adversary proceeding is not a prospective attempt to enjoin threatened state court action, *see Ex parte Young*, 209 US 123, 28 S. Ct. 441, 52 L. Ed. 71 (1908). It is also not a collateral attack on an ongoing state court proceeding, *see Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44

S.Ct. 149, 68 L.Ed.2d 362 (1923), and *D.C. Ct. Of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983) (collectively known as the "Rooker-Feldman doctrine"). In this case, the federal court action in question (this Court's discharge order, entered in Plaintiff's Chapter 7 bankruptcy case on November 1, 2012, Case 12-17527-MKN, ECF #30) predates the California State Bar Court action against Plaintiff in case 13-N-17388 which was initiated on February 21, 2014.

ANY CLAIM THAT ONE OR MORE OF PLAINTIFF'S DEBTS RELEVANT TO THE CLAIMED RULE 9.20(c) VIOLATION WAS NOT DISCHARGED IN PLAINTIFF'S CHAPTER 7 BANKRUPTCY PROCEEDING SHOULD BE CONTROVERTED, IF AT ALL, IN DEFENDANTS' ANSWER.

If, from the allegations of the complaint as well as any judicially noticeable materials, an asserted defense raises disputed issues of fact, dismissal under Rule 12(b)(6) is improper. *Asarco, LLC v. Union Pacific Railroad Co.*, 765 F.3d 999, 1009 (9th Cir. 2014).

**A RULE 12(B)(6) MOTION ATTACKING PLAINTIFF'S CLAIM FOR DAMAGES FOR VIOLATION OF SECTION 524, THE DISCHARGE INJUNCTION, SHOULD BE DENIED WHERE, AS HERE, DEFENDANT STATE BAR WILFULLY VIOLATED THE DISCHARGE INJUNCTION.**

One need not be a creditor of the bankruptcy debtor to violate the discharge injunction. *In re Kuehn*, 563 F.3d 289 (7th Cir. 2009) concerned a debtor who had obtained a discharge of college tuition and whose request to purchase a copy of her transcript was subsequently refused by the college. The Seventh Circuit held that the college, though no longer a creditor of

the debtor, nonetheless violated the discharge injunction.

Courts have adopted a two-part test to determine willfulness in violating the discharge injunction. "Under this test the court will find the defendant in contempt if it: '(1) knew that the automatic stay was invoked and (2) intended the actions which violated the stay.' *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1555 (11th Cir.1996). This test is likewise applicable to determining willfulness for violations of the discharge injunction of § 524." *In re Hardy*, 97 F.3d 1385, 1390 (11th Cir. 1996).

As pled by Plaintiff in the First Amended Complaint, State Bar filed the Notice of Disciplinary Charges (Defendants' *Exhibit D*) even after Plaintiff repaid all unearned-fee debts; and it continued to maintain its prosecution of Plaintiff even after being placed on notice that continuing to do so would violate the discharge injunction. This resulted in onerous and retributive punishment of Plaintiff, and caused economic and non-economic damages to Plaintiff.

**THAT STATE BAR IS A GOVERNMENTAL UNIT DOES NOT IMMUNIZE IT FROM PLAINTIFF'S SECTION 524 CLAIM FOR DAMAGES.**

"[W]e find that Congress has waived sovereign immunity for violations of 11 U.S.C. §§ 524 and 105, and that, therefore, the district court has subject matter jurisdiction [to] determine liability and, if warranted, assess damages." *In re Hardy, supra,* 97 F.3d at 1387.

Bankruptcy courts have power to award damages for willful violations of the discharge injunction as an exercise of their

*in rem* jurisdiction over the bankruptcy estate:

> "[11 U.S.C.] § 105 provides a bankruptcy court with statutory contempt powers, in addition to whatever inherent contempt powers the court may have. (Citations). Those contempt power inherently include the ability to sanction a party. (Citation). . . . Against this background it is clear . . . that a bankruptcy court is authorized to invoke § 105 to enforce the discharge injunction imposed by § 524 and order damages for the [debtor] if the merits so require. Consistent with this determination, bankruptcy courts across the country have appropriately used their statutory contempt power to order monetary relief, in the form of actual damages, attorney fees, and punitive damages, when creditors have engaged in conduct that violates § 524. (Citations)."

*Bessette v. Avco Financial Services, Inc.*, 230 F. 3d 439, 445 (1ˢᵀ Cir. 2000).

"The court may issue against a governmental unit an order, process, or judgment under such sections or the *Federal Rules of Bankruptcy Procedure*, including an order or judgment awarding a money recovery[.]" 11 U.S.C. Section 106(a)(3).

**DEFENDANTS' ATTEMPTED INTRODUCTION OF DOCUMENTARY EVIDENCE IN SUPPORT OF ITS RULE 12(b)(6) MOTION IS IMPROPER, AND MOST OF IT SHOULD BE EXCLUDED.**

Defendants have requested that this Court, in considering their Rule 12(b)(6) motion, take judicial notice of certain records and documents. Plaintiff objects to this request except as to Defendants' *Exhibit D*, the Notice of Disciplinary Charges in State Bar Court Case 13-N-17388, filed February 21, 2014. *Exhibit D*, read in conjunction with *Cal. Rule of Court* 9.20(c), shows that Plaintiff was disciplined only for failure to "refund all unearned fees" and for no other reason.

1    "When matters outside the pleadings are presented to and
2    not excluded by the court, the motion shall be treated as one
3    for summary judgment and disposed of as provided in Rule 56, and
4    all parties shall be given reasonable opportunity to present all
5    material made pertinent to such a motion by Rule 56."
6    *Fed.R.Civ.Proc.* 12(b)(6).

7        In general, the Court "may not consider any material
8    beyond the pleadings in ruling on a Rule 12(b)(6) motion. *Lee v.*
9    *City of Los Angeles*, 250 F.3d 668, 688 (9th Cir. 2001). "A court
10   may take judicial notice of 'matters of public record' without
11   converting a motion to dismiss into a motion for summary
12   judgment. (Citation). But a court may not take judicial notice
13   of a fact that is 'subject to reasonable dispute.'" *Id.* at 689.

14       Not every factual assertion in a public record is
15   necessarily judicially noticeable just because it is included in
16   a public record. "[W]hen a court takes judicial notice of
17   another court's opinion, it may do so 'not for the truth of the
18   facts recited therein, but for the existence of the opinion,
19   which is not subject to reasonable dispute over its
20   authenticity.' (Citation)." *Id.* at 690.

21       Only the Notice of Disciplinary Charges ("NDC")
22   (Defendants' *Exhibit D*), is relevant to this adversary
23   proceeding. The NDC clearly shows that Plaintiff was disciplined
24   solely for failure to refund unearned fees (which, Plaintiff
25   alleges, were previously discharged) pursuant to Cal. Rule of
26   Court 9.20(c). That there were subsequent proceedings in the
27   State Bar Court is irrelevant. The subsequent State Bar Court

28

proceedings didn't address whether Plaintiff's former debts were or were not dischargeable, or discharged. All of the State Bar Court proceedings were held prior to *In re Scheer*, supra, which wasn't decided until April 2016 and which held that these types of debts are dischargeable.

Plaintiff looks forward to discussing the various State Bar Court documents for which Defendants are seeking judicial notice. For example, the documents will prove up Plaintiff's contention that he was disciplined solely for being late in paying his discharged debts; that Plaintiff was found unable to pay them earlier than he did; and that the State Bar Court hearing judge characterized Plaintiff's behavior as "honest." But the Court doesn't need to take a deep dive into the proceedings, or to go beyond the face of the First Amended Complaint, in order to decide this motion.

The proposed extrinsic material also does not constitute evidence relevant to Defendants' Rule 12(b)(1) subject-matter-jurisdiction arguments (Eleventh Amendment, Rooker-Feldman) and the extrinsic material should, therefore, not be considered for such purpose either.

If the Court considers extrinsic material in regard to the Motion to Dismiss, the Motion should be converted into a Rule 56 Motion for Summary Judgment and Plaintiff should be given a reasonable opportunity to conduct discovery and to introduce evidence in opposition.

**CONCLUSION**

For the foregoing reasons, Plaintiff Michael B. Stone respectfully submits that the Motion to Dismiss Plaintiff's First Amended Complaint should be denied in its entirety.

Dated: September 2, 2016

/S/MICHAEL B. STONE

Plaintiff, Pro Se