```
                         United States Bankruptcy Court
                              District of Nevada
STONE,
            Plaintiff                                    Adv. Proc. No. 16-01081-mkn

STATE BAR OF CALIFORNIA,
            Defendant
```

# CERTIFICATE OF NOTICE

```
District/off: 0978-2         User: valenzuel              Page 1 of 1         Date Rcvd: May 01, 2017
                             Form ID: pdf928              Total Noticed: 3
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
May 03, 2017.
```
pla           +MICHAEL B. STONE,    848 N. RAINBOW BLVD #1799,    LAS VEGAS, NV 89107-1103
dft           +STATE BAR OF CALIFORNIA,    C/O KEVIN B. TAYLOR, ESQ.,    OFFICE OF CHIEF TRIAL COUNSEL,
               180 HOWARD ST,    SAN FRANCISCO, CA 94105-1614
dft          +++SUPREME COURT OF CALIFORNIA,     C/O PETER M. ANGULO, ESQ.,    OLSON, CANNON, GORMLEY,
               ANGULO & STOBERSKI,    9950 W. CHEYENNE AVE.,    LAS VEGAS, NV 89129-7700
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
NONE.                                                                                              TOTAL: 0

              ***** BYPASSED RECIPIENTS *****
NONE.                                                                                              TOTAL: 0

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '+++' were transmitted to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(e).


**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed.  This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: May 03, 2017                              Signature:  /s/Joseph Speetjens

---

# CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on May 1, 2017 at the address(es) listed below:
```
              DANIELLE ADORACION LEE    on behalf of Defendant    STATE BAR COURT OF CALIFORNIA
               Danielle.lee@calbar.ca.gov
              DANIELLE ADORACION LEE    on behalf of Defendant    STATE BAR OF CALIFORNIA
               Danielle.lee@calbar.ca.gov
              PETER M. ANGULO    on behalf of Defendant    SUPREME COURT OF CALIFORNIA pangulo@ocgd.com,
               manthis@ocgas.com
              REW R. GOODENOW    on behalf of Defendant    STATE BAR OF CALIFORNIA ecf@parsonsbehle.com
              THOMAS D DILLARD, JR    on behalf of Defendant    SUPREME COURT OF CALIFORNIA tdillard@ocgas.com,
               mburgener@ocgas.com
```
                                                                                               TOTAL: 5



Honorable Mike K. Nakagawa
United States Bankruptcy Judge

Entered on Docket
May 01, 2017

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

* * * * * *

| | |
|---|---|
| In re:<br><br>MICHAEL BRUCE STONE,<br><br>    Debtor.<br>_____<br><br>MICHAEL B. STONE,<br><br>    Plaintiff,<br><br>v.<br><br>STATE BAR OF CALIFORNIA, et al.,<br><br>    Defendants.<br>_____ | Case No.: 12-17527-MKN<br><br>Chapter 7<br><br><br><br><br>Adv. Proc. No.: 16-01081-MKN<br><br><br><br><br>Date:  September 22, 2016<br>Time:  10:00 a.m. |

**ORDER ON DEFENDANT THE STATE BAR OF CALIFORNIA AND THE STATE BAR COURT OF CALIFORNIA'S MOTION TO DISMISS FIRST AMENDED COMPLAINT TO DETERMINE DISCHARGEABILITY OF CERTAIN DEBTS AND FOR OTHER RELIEF[1]**

On September 22, 2016, the court heard the Motion to Dismiss First Amended Complaint to Determine Dischargeability of Certain Debts and for Other Relief ("Dismissal Motion") brought by the State Bar of California and the State Bar Court of California. The appearances of

---

[1] In this Order, all references to "Section" are to the provisions of the Bankruptcy Code, 11 U.S.C. §§ 101-1532. All references to "FRBP" are to the Federal Rules of Bankruptcy Procedure. All references to "FRCP" are to the Federal Rules of Civil Procedure. All references to "FRE" are to the Federal Rules of Evidence. All references to "ECF No." are to the numbers assigned to the documents filed in the above-captioned bankruptcy case as they appear on the docket maintained by the clerk of the court. All references to "AECF No." are to the numbers assigned to the documents filed in the above-captioned adversary proceeding.

1

counsel were noted on the record.  After arguments were presented, the matter was taken under submission.

## BACKGROUND

On June 26, 2012, Michael Bruce Stone ("Debtor") filed, in pro se, a voluntary Chapter 7 petition ("Petition") along with his schedules of assets and liabilities ("Schedules") and statement of financial affairs ("SOFA").  (ECF No. 1).  The case was assigned for administration to a panel Chapter 7 trustee, Joseph B. Atkins ("Trustee").  In his personal property Schedule "B," Debtor lists at item 21 four claims against various entities.  In his SOFA, Debtor indicates at item 4a. that there are lawsuits and administrative proceedings in which he is a party within one year preceding the filing of the Petition, but none of those proceedings are identified.

On September 20, 2012, the Trustee reported that there were no assets to liquidate for distribution to creditors.  (ECF No. 23).

On November 1, 2012, an order was entered granting the Debtor his bankruptcy discharge.  (ECF No. 30).

On November 5, 2012, a final decree was entered closing the case.  (ECF No. 32).

On June 1, 2016, Debtor filed a motion to reopen the case for the purpose of commencing an adversary proceeding for declaratory relief and to enforce the discharge injunction.  (ECF No. 34).

On June 7, 2016, an order was entered reopening the case.  (ECF No. 36).

On June 9, 2016, Debtor commenced Adversary Proceeding No. 16-01081-MKN ("Adversary Proceeding") by filing an adversary complaint ("Complaint").  (AECF No. 1).

On July 19, 2016, a motion to dismiss was filed by The State Bar of California and the State Bar Court of California (AECF No. 16), accompanied by the Declaration of Danielle A. Lee ("Lee Declaration") (AECF No. 18) and a Request for Judicial Notice ("RJN").  (ACEF No. 19).  A hearing on the motion to dismiss was noticed for September 15, 2016.  (AECF No. 17).

On July 25, 2016, a joinder in the motion to dismiss was filed by the Supreme Court of California.  (AECF No. 24).

On August 2, 2016, Debtor filed First Amended Adversary Complaint ("FAAC").

(AECF No. 28).

On August 18, 2016, the instant Dismissal Motion was filed by the same parties (AECF No. 36), accompanied by another Lee Declaration (AECF No. 38) and another RJN.[2] (AECF No. 39). A hearing on the instant Dismissal Motion was noticed for September 22, 2016. (AECF No. 37).

On August 19, 2016, a joinder in the Dismissal Motion was filed by the Supreme Court of California. (AECF No. 41).

On September 2, 2016, Debtor filed an opposition to the Dismissal Motion ("Opposition"). (AECF No. 45).

On September 15, 2016, The State Bar of California and the State Bar Court of California filed a reply ("Reply"). (AECF No. 47).

On September 16, 2016, the Supreme Court of California filed a joinder in the Reply. (AECF No. 48).

## THE ALLEGATIONS OF THE COMPLAINT

Debtor's Adversary Proceeding is brought against three defendants: The State Bar of California ("State Bar"), The State Bar Court of California ("State Bar Court"), and the Supreme Court of California ("Supreme Court") (collectively "Defendants"). See FAAC at ¶ 3. Debtor is an attorney (now residing in Nevada) who was suspended from the practice of law in California. Id. at ¶¶ 2 and 10. He alleges that he received a discharge on December 1, 2012. Id. at ¶ 27.[3]

As of March 19, 2013, Debtor was the subject of a disciplinary proceeding initiated by defendant State Bar, denominated Case No. 12-H-16290. See FAAC at ¶ 28. In that proceeding, Debtor reached a stipulation with defendant State Bar that required him to make certain restitution payments to specific clients as a condition of probation. Id. On August 22, 2013, defendant Supreme Court entered a judgment ("2013 Disciplinary Judgment") consistent with the stipulation reached in Case No. 12-H-16290. Id. at ¶ 29.

---

[2] Nine exhibits marked "A" through "I" are attached to the Lee Declaration and the RJN, but they appear to be identical copies of papers filed in the disciplinary proceeding.

[3] The date of discharge was November 1, 2012. (ECF No. 30).

3

Debtor allegedly satisfied the restitution conditions of the 2013 Disciplinary Judgment and completed two years of probation. Id. at ¶ 30. The State Bar thereafter asserted that Debtor was required under Rule 9.20(c) of the California Rules of Court ("CRC") to refund all unearned fees and to file a declaration that he had done so within 30 days of the Disciplinary Judgment. Id. at ¶ 11. Debtor alleges that he was unable to comply with CRC Rule 9.20(c) because he could not timely file a truthful declaration that he refunded the unearned fees because he had not done so within the 30-day deadline. Id. at ¶ 13. He alleges that there is "no substantive distinction between failing to pay a debt and failing to make a declaration that the debt was paid." Id. at ¶ 14. Debtor also alleges, however, that on or before February 20, 2014, the unearned fees were repaid, with interest. Id. at ¶ 26.

On February 21, 2014, the State Bar initiated another disciplinary proceeding, Case No. 13-N-17388, seeking to impose an actual suspension from practice due to the Debtor's failure to refund unearned fees to clients and to file a declamation to that effect within 30 days of the prior Supreme Court disciplinary judgment. See FAAC at ¶ 11. The State Bar Court found that Debtor had violated CRC Rule 9.20(c) by failing to timely refund all unearned fees and by not timely certifying that he had done so. Id. at ¶ 33. The State Bar Court then recommended an additional two-year actual suspension from practice that the State Court Review Department affirmed. Id. Debtor did not, however, seek discretionary review of the decision of the State Bar Court Review Department. Id. at ¶ 34.

As of April 14, 2016, the disciplinary proceedings were pending before the Supreme Court. Id. at ¶ 16.[4] On that date, the Ninth Circuit Court of Appeals issued an opinion in a case entitled Scheer v. State Bar of California holding that an attorney's debts to clients for unpaid fees are dischargeable in bankruptcy. Id. at ¶ 17.

On April 26, 2016, Debtor requested the Supreme Court to stay the disciplinary proceeding so that he could request a remand to the State Bar Court in light of the Scheer

---

[4] The recommendations of the State Bar Court apparently were considered by the Supreme Court in its Case No. S232885. See FAAC at ¶ 23.

4

decision. Id. at ¶ 18.[5]

On June 8, 2016, defendant Supreme Court denied the stay request, ratified the findings of defendant State Bar Court, and ordered the two-year suspension ("2016 Disciplinary Judgment"). See FAAC at ¶ 23.

Debtor alleges that his suspension was based on his failure to timely refund unearned fees to certain clients. See FAAC at ¶ 11. He alleges that in light of the Scheer II decision entered on April 14, 2016, his obligation to refund unearned fees was previously discharged. See FAAC at ¶ 17. Debtor alleges that prior to the Scheer II decision, both he and defendant State Bar "reasonably believed and assumed that debts owed by attorneys to clients for unearned fees were nondischargeable, or that the discharge of such debts did not impair the ability of State Bar to impose disciplinary sanctions against attorneys for not paying them." Id. at ¶ 24 (emphasis added). He alleges that the State Bar violated his discharge by proceeding with Case No. 13-N-17388 after having been given notice of the Scheer II decision. Id. at 25. Debtor also alleges that the Supreme Court's suspension of his license violated the anti-discrimination provisions of Section 525(a). Id. at ¶ 25 and ¶ 37.[6]

The prayer of the Complaint seeks a wide range of relief. First, Debtor seeks a

---

[5] The Scheer v. State Bar (In re Scheer) decision on which the Debtor relies was issued by the Ninth Circuit on April 14, 2016, and is reported at 819 F.3d 1206 ("Scheer II"). That decision was preceded by a separate decision of the Ninth Circuit issued on April 4, 2016, entitled Scheer v. Kelly, 817 F.3d 1183 ("Scheer I"). In Scheer I, the disciplined attorney sued the State Bar in the U.S. District Court for the Central District of California to challenge her suspension for failure to repay fees owed to a former client. She alleged that the state bar discipline system violated her rights under the First and Fourteenth Amendments to the U.S. Constitution. To the extent she claimed that disciplinary system violated her constitutional rights as applied, the complaint was dismissed based on the "Rooker-Feldman" doctrine. Id. at 1186. To the extent that the disciplinary system violated the constitution on its face, the complaint was dismissed on the merits. Id. at 1189.

[6] The Complaint does not actually identify any specific claims for relief. Rather it is simply divided into segments entitled Introduction, Parties, Jurisdiction and Venue, Nature of the Case, Procedural History, and then concludes with a prayer for judgment. To the extent the complaint seeks damages or other relief for violation of the Debtor's discharge, such relief should have been sought by motion rather than through an adversary proceeding. See Barrientos v. Wells Fargo Bank, N.A., 633 F.3d 1186, 1190 (9th Cir. 2011).

5

1  declaration that debts owed to former clients Olga Marie Altieri, Bruce Thomas, and the State
2  Bar/Client Security Fund were discharged.  See FAAC at 10:28 to 11:5.[7]  Second, he seeks an
3  order requiring that the Supreme Court and the State Bar dismiss, expunge, and vacate the results
4  of disciplinary action No. 13-N-17388/S232885.  Id. at 11:6-13.  Third, he seeks an order against
5  the State Bar for a correction of the records in connection with the disciplinary action, and for
6  general, special and punitive damages, in addition to attorneys fees and costs.  Id. at 11:14 to
7  15:22.

## DISCUSSION

The Dismissal Motion is brought under FRCP 12(b)(1) for lack of subject matter jurisdiction in addition to FRCP 12(b)(6) for failure to state a claim for which relief may be granted.[8]

**A.    Applicable Legal Standards.**

A motion to dismiss under FRCP 12(b)(1) may be based, inter alia, on assertions of the Rooker-Feldman doctrine as a bar to relief from a state court judgment, see generally 5B Fed. Prac. & Proc. Civ. § 1350 (Charles Alan Wright, Arthur R. Miller, Mary Kay Kane, Richard L. Marcus, A. Benjamin Spencer, and Adam N. Steinman, eds., 3rd Ed. 2016), as well as the presence of sovereign immunity to prevent the assertion of a claim for damages against a governmental entity.  See, e.g., Warnock v. Pecos County, Texas, 88 F.3d 341, 343 (5th Cir. 1996).

A motion to dismiss under FRCP 12(b)(6) examines the sufficiency of the complaint.

---

[7] None of these former clients or entities are named in the Complaint, although Olga Marie Altieri and Bruce Thomas were listed in the Debtor's unsecured creditor Schedule "F". Even if they were named in the Complaint, only Bruce Thomas filed a proof of claim on which the assertion of personal jurisdiction might be based.  See, e.g., Katchen v. Landy, 382 U.S. 323, 333-35 (1966) (filing proof of claim subjected claimant to preference recovery).  Moreover, there appears to be no case or controversy requiring a declaration as to whether the claims of these individuals and entities were discharged.

[8] Defendants deny that the instant matter involves a "core proceeding" under 28 U.S.C. § 157(b)(1) and do not consent to the bankruptcy court adjudicating issues related to the disciplinary proceeding.  Additionally, Defendants do not agree that venue is appropriate.  See Dismissal Motion at 10:11-15.

6

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (quotations omitted), citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. In considering a motion under FRCP 12(b)(6), the court accepts as true all factual allegations made by, and draws all reasonable inferences in favor of, the plaintiff. See Barnes v. Belice (In re Belice), 461 B.R. 564, 573 (B.A.P. 9th Cir. 2011). Dismissal is appropriate if there is "a lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." Id. This pleading standard applies to "all civil actions." Ashcroft, 129 S.Ct. at 1953. This rule, which is incorporated by FRBP 7012, applies in bankruptcy proceedings.[9]

A debtor seeking damages for violation of the discharge injunction under Section 524(a)(2) has the burden of proving by clear and convincing evidence that the creditor: (1) knew the discharge injunction was applicable, and (2) intended the actions that violated the discharge injunction. See Kabiling v. Desert Pine Villas Homeowners Assoc. (In re Kabiling), 551 B.R. 440, 444 (B.A.P. 9th Cir. 2016).

A debtor seeking relief for a governmental entity's violation of the discrimination prohibition under Section 525(a) has the burden of proving that "the failure to pay a dischargeable debt must alone be the proximate cause of the cancellation - the act or event that triggers the agency's decision to cancel, whatever the agency's ultimate motive in pulling the

---

[9] In determining whether a party has stated a claim, a court may consider the complaint, evidence on which the complaint necessarily relies, and facts subject to judicial notice, including the record of related proceedings. See Marder v. Lopez, 450 F.3d 445, 448 (9th Cir. 2006); see also Mullis v. United States Bankr. Court, 828 F.2d 1385, 1388 (9th Cir. 1987). Under the Federal Rules of Evidence, the court may take judicial notice on its own of any adjudicative fact that is not subject to reasonable dispute because it can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned. FED. R. EVID. 201. In other words, the court may take judicial notice of undisputed matters of public record, including documents on file in other federal or state courts. See Harris v. Cnty. of Orange, 682 F.3d 1126, 1131-32 (9th Cir. 2012). Further, if adjudicative facts meet the requirements of FRE 201, a court may take judicial notice of them in deciding a motion to dismiss. See Mullis, 828 F.2d at 1388.

trigger may be." F.C.C. v. Nextwave Personal Communications, 537 U.S. 293, 301-302 (2003).

**B.     Disposition of the Instant Motion.**

Defendants argue that the court lacks subject matter jurisdiction because the relief requested is barred by the Eleventh Amendment and because interference in the disciplinary proceeding is barred by the Rooker-Feldman doctrine.[10]  See Dismissal Motion at 10:10:21 to 13:25.  Defendants also argue that any restitution ordered in the disciplinary proceeding was excepted from discharge under Section 523(a)(7) and, therefore, no discrimination prohibited by Section 525(a) occurred.  Id. at 14:5 to 17:15.  Additionally, Defendants maintain that even if the debt owed to the former clients was discharged, repayment of such debt is still permitted as a disciplinary sanction.  Id. at 17:16 to 18:18.  Moreover, Defendants argue that the State Bar's conduct did not violate the discharge injunction.  Id. at 18:19 to 19:14.  Finally, Defendants maintain that a mandatory injunction requiring Defendants to reinstate the Debtor to active practice also is barred by the Eleventh Amendment.  Id. at 19:16 to 20:13.

Debtor's opposition to the Dismissal Motion asserts that sovereign immunity, the Eleventh Amendment, and the Rooker-Feldman doctrine, do not bar his claim alleging a violation of the discharge injunction under Section 524(a)(2), see Opposition at 17:19 to 18:16, nor his claim alleging a violation of Section 525(a).  Id. at 8:2 to 11:13 and 14:1 to 16:17.  Debtor also maintains that relief under FRCP 12(b)(6) for failure to state a claim for which relief may be granted is not appropriate to address his claims under Section 524, see id. at 16:18 to 17:18, nor his claim under Section 525(a).  Id. at 11:14 to 13:21.  Finally, Debtor objects to consideration of the exhibits attached to the Lee Declaration and RJN in connection with Defendants' request under FRCP 12(b)(6).  Id. at 18:17 to 20:25.

Defendants' response in support of the Dismissal Motion asserts that the Debtor's discipline was not based on his failure to pay a debt discharged in bankruptcy.  See Reply at 2:18

---

[10] The origins of the Rooker-Feldman doctrine was outlined for a unanimous Court by Justice Ginsburg in Exxon Mobil Corp. v. Saudi Basic Industries, 544 U.S. 280, 284-288 (2005). The court clarified that the Rooker-Feldman doctrine is "confined to cases of the kind in which the doctrine acquired its name: cases brought by state-courts losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments."  544 U.S. at 284.

8

to 5:24.  They argue that no violation of the discharge injunction has been shown.  Id. at 8:16 to 9:2.  Defendants also maintain that because the Debtor seeks relief from the order of suspension entered by the Supreme Court, both the Eleventh Amendment and the Rooker-Feldman Doctrine preclude such relief.  Id. at 7:16 to 8:16.  They further argue that Scheer is distinguishable and does not support a claim under Section 525(a).  Finally, Defendants maintain that the exhibits can be considered in connection with their motion to dismiss.  Id. at 9:3 to 10:10.

The court having considered the written arguments and representations of the parties, together with the record in this proceeding, concludes that the Dismissal Motion must be granted for the reasons discussed below.

As a preliminary matter, the court concludes that the U.S. Supreme Court's decision in Perez v. Campbell, 402 U.S. 637 (1971) as well as the Ninth Circuit's decision in Scheer II, do not control the outcome of the present case.  The decision in Perez held that an Arizona statute expressly nullifying the bankruptcy discharge of a vehicle licensee's debt to another motorist violated the Supremacy Clause.  The decision in Scheer II held that an arbitration fee award payable to a bankrupt attorney's former client was purely compensatory in nature, and not a fine, penalty or forfeiture payable to a governmental unit that is excepted from discharge under Section 523(a)(7).  The conclusions reached in those decisions are neither surprising nor material to the present case.

In this instance, Debtor's own complaint alleges that he was suspended from practice for violating CRC Rule 9.20(c) in two respects: failing to timely pay the unearned portion of the fees to his former clients,[11] and failing to timely file a declaration attesting that he had done so.  Debtor's own complaint alleges that after the findings of the State Bar Court were affirmed by the State Court Review Department, he did not seek discretionary review.  Debtor's own complaint alleges that the Supreme Court ratified the findings of the State Bar Court and entered

---

[11] In Perez, the Arizona statute in question specifically provided that "'[a] discharge in bankruptcy following the rendering of any such judgment shall not relieve the judgment debtor from any of the requirements of this article.'" 402 U.S. at 642.  There is no language in CRC Rule 9.20(c), nor any other disciplinary statute or rule alleged in the Complaint, requiring any attorney to refund unearned fees that have been discharged in bankruptcy.  Moreover, the Complaint alleges that the Debtor paid all of the unearned fees no later than February 20, 2014.

an order suspending him from practice for at least two years.

Accepting these allegations as true for purposes of a motion to dismiss under FRCP 12(b)(6), see Belice, 461 B.R. at 573, there is no basis for finding a violation of Section 525(a). If Paragraphs 11, 23 and 33 of the Complaint are true, then the timely payment of the unearned portion of the former clients' fees was <u>not</u> the sole reason for the suspension of the Debtor's license to practice law. Rather, Debtor himself alleges that he was suspended for the additional reason that he failed to comply with the separate reporting requirement included in CRC Rule 9.20(c). Because the failure to pay a dischargeable debt "must alone be the proximate cause" for Defendants' suspension of his license to practice law, see Nextwave Personal Communications, 537 U.S. at 301, Debtor cannot state a claim under Section 525(a).

Similarly, there is no basis for finding an actionable violation of Section 524(a)(2). If Paragraph 26 of the Complaint is true, the Debtor apparently refunded the unearned portion of the former clients' fees before the Supreme Court ordered his suspension.[12] If Paragraph 24 of the Complaint is true, <u>both the Debtor and the State Bar reasonably believed</u> that the debt for the unearned portion of the fees had not been discharged. If both of these Paragraphs are true, then there is no further debt to be paid, and any violation of the discharge injunction would not have been <u>with knowledge</u> that the discharge injunction was applicable to the unearned fees. Thus, entry of the 2016 Disciplinary Judgment <u>did not violate</u> the discharge injunction and continued enforcement of the 2016 Disciplinary Judgment <u>does not violate</u> the discharge injunction.

Nothwithstanding the absence of a legal basis for relief under Section 525(a) or Section 524(a)(2), it is clear that any interference by this court with the disciplinary determinations of the State Bar Court or the Supreme Court runs afoul of the Rooker-Feldman Doctrine. As previously discussed, the disciplinary proceeding was based on two violations of CRC Rule 9.20(c) and was not limited to repayment of a discharged debt. While Debtor may believe that his failure to comply with the timely reporting requirement was excusable, the merits of his

---

[12] Even if the debts for those unearned fees were discharged, nothing would prevent the Debtor from voluntarily paying the debts despite the discharge of his personal liability. See 11 U.S.C. § 524(f).

assertion was determined by the State Bar Court and Supreme Court. By the prayer of the instant Complaint, Debtor seeks to overturn the decisions of the State Bar Court and Supreme Court and vacate the resulting discipline. The Rooker-Feldman doctrine clearly bars such a result. See Scheer I, 817 F.3d at 1185-86.[13]

Because the Complaint fails to state a claim for relief against the State Bar under both Section 525(a) and Section 524(a)(2), it is unnecessary to determine whether a bankruptcy court could even award damages against the State Bar due to the sovereign immunity of state entities that is preserved by the Eleventh Amendment. Compare Hirsh v. Justices of Supreme Court of California, 67 F.3d 708, 715 (9th Cir. 1995) ("sovereign immunity bars monetary relief from state agencies such as California's Bar Association and Bar Court") with Central Virginia Community College v. Katz, 546 U.S. 356, 360-61 (2006) (sovereign immunity of state agency does not prevent entry of judgment under Section 550 for preferential transfer avoidable under Section 547).[14]

For these reasons, the court concludes that the Complaint fails to state a claim for which relief may be granted. Moreover, the court is otherwise precluded under the Rooker-Feldman doctrine from interfering in the disciplinary proceedings of the State Bar, the State Bar Court, and the California Supreme Court. As there is no case or controversy with respect to the claims of Olga Marie Altieri and Bruce Thomas, and neither individual has been named in the Complaint, Debtor's request for a declaration that their claims were discharged also must be dismissed for lack of subject matter jurisdiction.[15]

---

[13] The Rooker-Feldman doctrine would not apply if the Debtor was seeking only a determination of dischargeability of the unearned fees. See Sokoloff v. Sasson (In re Sasson), 424 F.3d 864, 871 (9th Cir. 2005), cert. denied, 547 U.S. 1206 (2006).

[14] Although the court may consider the exhibits attached to the Lee Declaration and the RJN because the Complaint both cites and relies on the record of the disciplinary proceeding, see note 9, supra, it is unnecessary to do so because the allegations of the Complaint demonstrate that the Debtor cannot state claims for relief under either provision of the Bankruptcy Code.

[15] See Rhoades v. Avon Products, Inc., 504 F.3d 1151, 1157 (9th Cir. 2007)("Absent a true case or controversy, a complaint solely for declaratory relief under 28 U.S.C. § 2201 will fail for lack of jurisdiction under Rule 12(b)(1).").

Based on the foregoing, the court concludes that an amendment to the Complaint would be futile. Accordingly, leave to amend will not be granted.

**IT IS THEREFORE ORDERED** that the Defendant The State Bar of California and The State Bar Court of California's Motion to Dismiss First Amended Complaint to Determine Dischargeability of Certain Debts and for Other Relief; Memorandum of Points and Authorities in Support Thereof, Docket No. 36, be, and the same hereby is, **GRANTED**.

**IT IS FURTHER ORDERED** that this adversary proceeding is **DISMISSED** as to all Defendants in this matter.

Copies sent to all parties via CM/ECF ELECTRONIC FILING

Copies sent via BNC to:

MICHAEL B. STONE
848 N. RAINBOW BLVD #1799
LAS VEGAS, NV 89107

SUPREME COURT OF CALIFORNIA
C/O PETER M ANGULO, ESQ.
OLSON, CANNON, GORMLEY,
ANGULO & STOBERKSI
9950 W. CHEYENNE AVE.
LAS VEGAS, NV 89129

STATE BAR OF CALIFORNIA
C/O KEVIN B. TAYLOR, ESQ.
OFFICE OF CHIEF TRIAL COUNSEL
180 HOWARD ST
SAN FRANCISCO, CA 94105-1617

# # #